UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SCOTT MICHAEL HILL,<br><br>            Petitioner,<br><br>   v.<br><br>PATRICK GLEBE,<br><br>            Respondent. | CASE NO. 14-5330 RJB-JCC<br><br>ORDER ON RESPONDENT'S MOTION TO CERTIFY AN INTERLOCUTORY APPEAL AND TO STAY PROCEEDINGS |

      This matter comes before the Court on the Respondent's Motion to Certify an Interlocutory Appeal and to Stay Proceedings. Dkt. 30. The Court has considered the pleadings filed regarding the motion and the remaining file.

      In this 28 U.S.C. § 2254 case, Petitioner seeks habeas corpus relief from a 507 month sentence after being convicted in of first degree burglary, attempted first degree murder, second degree assault, felony harassment, and malicious mischief in connection with his attack of a girlfriend and her family in their family home. Dkt. 1. Petitioner advances two grounds for relief: (1) Trial counsel and post-conviction counsel were ineffective when they failed to

properly investigate and present evidence of a diminished capacity defense, and (2) trial counsel was ineffective when he failed to object to the prosecutor's improper closing arguments. Dkt. 1.

The case was referred to U.S. Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4.

On February 18, 2015, Judge Creatura filed a Report and Recommendation. Dkt. 26. The Report and Recommendation provides the factual and procedural background, and for present purposes, is adopted here. *Id.*, at 1-8. Petitioner's motion to expand the record was granted in the Report and Recommendation. *Id*., at 12. The Report and Recommendation recommended that this Court conduct an evidentiary hearing on the first ground for relief. *Id*, at 12-17. It recommended that the second ground for relief be denied. *Id.,* at 17-19.

On March 17, 2015, the Report and Recommendation was adopted. Dkt. 29. In the order adopting the Report and Recommendation, the undersigned noted that:

> Whether Petitioner is entitled to an evidentiary hearing is a close question, however. A motion to certify an interlocutory decision regarding this issue, pursuant to 28 U.S.C. § 1292(b), if any, should be carefully drafted and filed in accord with the statute. If no such motion is made, the parties should be ordered to file a joint status report addressing a discovery timeline, briefing schedule, and earliest possible date for hearing, on or before April 17, 2015.

*Id*., at 3.

Respondent now moves to certify an interlocutory appeal to the Ninth Circuit Court of Appeals and for a stay of the case. Dkt. 30. Petitioner opposes the motion. Dkt. 34. Although the motion is noted for consideration for April 10, 2015, the Respondent has filed a reply (Dkt. 36), and the matter is ripe for decision. The motion should be granted.

**DISCUSSION**

1. <u>Legal Standard</u>

Pursuant to 28 U.S.C. § 1292(b):

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

"The legislative history of § 1292 suggests that it ought to be used 'only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation.'" *United States v. Hoyte*, 2012 WL 1898926 (W.D. Wash. May 24, 2012) (citing *In re Cement Antitrust Litigation*, 673 F.2d 1020, 1026 (9th Cir. 1982)).

    2. <u>Certification is Appropriate Pursuant to § 1292(b)</u>

Respondent's motion to certify an interlocutory appeal of the March 17, 2015 order adopting the Report and Recommendation (Dkt. 30) should be granted. The March 17, 2015 order adopting the Report and Recommendation "involves a controlling question of law as to which there is substantial ground for difference of opinion." Respondent maintains that an evidentiary hearing is barred because 28 U.S.C. § 2254(e)(2) limits the Court's review to the record before the state courts when they adjudicated the merits of Petitioner's claims under *Cullen v. Pinholster*, 131 S. Ct. 1388 (2011). Dkt. 30. Petitioner argues (1) that under *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), he is entitled to an evidentiary hearing on his first ground for relief - that his trial counsel was ineffective for failing to present a diminished capacity defense - because this claim was never adjudicated on the merits; (2) Respondent's assertion that it does not affirmatively assert the defense of exhaustion and procedural default is irrelevant; and (3) *Cullen v. Pinholster*, 131 S. Ct. 1388 (2011) does not bar further factual development. Dkt. 34.

1  There is substantial ground for a difference of opinion as to whether Petitioner is entitled to an

2  evidentiary hearing.

3      Further, an immediate appeal from the March 17, 2015 order adopting the Report and

4  Recommendation "may materially advance the ultimate termination of the litigation." This

5  appeal will likely resolve whether Petitioner is entitled to an evidentiary hearing. If he is not so

6  entitled, a decision on his petition can then be made without wasting the resources that would

7  necessarily be expended for a hearing. Respondent's motion to certify an interlocutory appeal of

8  the March 17, 2015 order adopting the Report and Recommendation (Dkt. 30) should be granted.

9      3.  <u>Stay is Appropriate</u>

10      Respondent's motion for a stay of this court's proceedings (Dkt. 30) should also be

11  granted. Under 28 U.S.C. § 1292(b), an application for an interlocutory appeal will not stay

12  proceedings in the district court unless the district judge so orders. Stay is appropriate here

13  because reversal of this court's order would mean that no hearing will be held. It would be

14  inefficient and a waste of resources to continue proceedings while the matter is on appeal.

15  Therefore, the district court proceedings should be stayed pending resolution of appeal.

16      4.  <u>Amendment of the March 17, 2015 Order</u>

17      These findings were not made in the original order. Accordingly, the March 17, 2015

18  order adopting the Report and Recommendation (Dkt. 29) should be amended to include sections

19  1, 2, and 3 above.

20      **ORDER**

21      It is **ORDERED** that:

22      (1) Respondent's Motion to Certify an Interlocutory Appeal and to Stay Proceedings

23          motion (Dkt. 30) **IS GRANTED**;

24

(2) The March 17, 2015 order adopting the Report and Recommendation (Dkt. 29) is **AMENDED** to include sections 1, 2, and 3 above;

(3) This Court's March 17, 2015 Order (Dkt. 29) is hereby **CERTIFIED** for interlocutory appeal; and

(4) This case is **STAYED** pending the filing of a petition for permission to appeal in the U.S. Court of Appeals for the Ninth Circuit, the disposition of that petition, and the disposition of any appeal permitted by the appellate court. The parties shall **notify the district court within 15 days** of final disposition of this appeal.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 7th day of April, 2015.

ROBERT J. BRYAN
United States District Judge